NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DREXEL UNIVERSITY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 13-03052 (JAP) |
| DENNIS OBADO, | : **OPINION** |
| Defendant. | : |

PISANO, District Judge.

Before the Court is *pro se* Defendant Dennis Obado's ("Defendant") Notice of Removal. Also before the Court is Defendant's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence, the Court finds that Defendant should be permitted to proceed *in forma pauperis*, and therefore directs that Defendant's Notice of Removal should be filed.

This action was initially brought in the Superior Court of New Jersey, Middlesex County, by Plaintiff Drexel University ("Plaintiff" or "Drexel") against Defendant. It arises out of a dispute over a student loan issued to Defendant. Defendant now seeks to remove this action to federal court. At this time, the Court must review the Notice of Removal to determine whether it has jurisdiction over this case.[1] The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court finds that this action should be remanded to state court.

---

[1] Also before the Court is Plaintiff's Motion to Remand (dkt. entry no. 6). Defendant has not yet responded to the Motion to Remand, which is returnable July 1, 2013. Because the Court addresses these issues *sua sponte*, it will deny the Motion to Remand as moot.

**I.  Background**

Plaintiff is an educational institution located in Pennsylvania.  In connection with a student loan that was issued to Defendant, Plaintiff apparently filed a complaint in New Jersey Superior Court, Middlesex County.  Because Defendant failed to attach a copy of the state court complaint to his Notice of Removal, it is not clear exactly what the allegations are in this case. However, it is apparent that a judgment was entered against Defendant in the Superior Court.

Following the entry of judgment in the Superior Court, Defendant appealed the decision to the New Jersey Superior Court, Appellate Division.  After the Appellate Division dismissed the Appeal, Defendant then filed a Petition with the Supreme Court of New Jersey seeking certification of the matter to the Supreme Court.  On March 13, 2013, the Supreme Court of New Jersey issued an order, denying the Petition for certification.  Defendant then purported to remove this case to federal court based on his claims that there are "issues of Federal law" that were not addressed by the state court judges and that Plaintiff's lending practices violated his right to "Equal Protection [under] the Fourteenth Amendment."  *See* dkt. entry no. 1.

**II.  Discussion**

Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases for such jurisdiction.  *See Employers Ins. of Wausau v. Crown Cork & Seal Co.,* 905 F.2d 42, 45 (3d Cir. 1990) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits") (citations omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *TM Marketing, Inc. v. Art & Antiques Assocs., L.P.*, 803 F. Supp. 994, 997 (D.N.J. 1992).  Indeed, "a plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction; and, if he does not do so, the court . . . must dismiss the case, unless the defect be corrected by amendment."  *Smith v. McCullough*, 270

U.S. 456, 459, 46 S. Ct. 338 (1926).  "A court can take no measures to rectify a want of jurisdiction because the lack of jurisdiction itself precludes asserting judicial power."  *Williams v. Moore, et al.*, 2012 U.S. Dist. LEXIS 162807, at *6 (D.N.J. 2012) (dismissing complaint *sua sponte* where district court lacked subject matter jurisdiction).  As explained more fully below, this Court lacks jurisdiction to adjudicate Defendant's claims.

"The Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication."  *Judge v. Canada*, 208 Fed. Appx. 106, 107-08 (3d Cir. 2006) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).  "The Supreme Court has explained that this doctrine applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments.'"  *Id.* at 108 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005)).  In other words, "Rooker-Feldman bars a federal proceeding when 'entertaining the federal claim would be the equivalent of an appellate review' of the state judgment."  *Allah v. Whitman*, 2005 U.S. Dist. LEXIS 18171, *9 (D.N.J. 2005) (quoting *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)).  Thus, a cause of action asserted in federal court that ultimately seeks to vacate the decision or reasoning of a state court is barred under Rooker-Feldman.  *See Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419-20 (3d Cir. 2001) (holding that Rooker-Feldman bars those claims that are "inextricably intertwined with [the] state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong.") (citations omitted).

Here, the Court finds that the Rooker-Feldman doctrine applies to bar this proceeding.  Defendant admittedly lost in a New Jersey state court proceeding brought by Plaintiff with respect

to the student loan that Defendant now challenges as illegally obtained. He appealed that judgment and subsequently lost at the state appellate level as well. Defendant was then denied certification by the New Jersey Supreme Court. This state court adjudication against Defendant occurred before Defendant sought to remove this action to federal court. Now, Defendant is essentially asking this Court to review and reject the state court adjudication against him. Thus, it is clear that Defendant's purported claims against Plaintiff with respect to a student loan that he claims was discriminatory are "inextricably intertwined" with a decision of a New Jersey Appellate Division court that affirmed judgment in favor of Drexel and a New Jersey Supreme Court decision denying certification. Indeed, Defendant states in his Notice of Removal that he "would like the District Courts to retry this matter." Such a request amounts to nothing more than a "prohibited appeal" from a final decision of the New Jersey state court. Therefore, this Court lacks subject matter jurisdiction over Defendant's claims under the Rooker-Feldman doctrine, and the matter must be remanded to state court accordingly.

Because the Court decides this matter *sua sponte*, it need not consider the arguments set forth in Plaintiff's Motion to Remand and declines to do so at this time.

### III.   Conclusion

For the reasons set forth above, the Court will remand this action to state court. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: June 10, 2013